UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

BXP1 LLC                                                    Case No. 10-15608

                           Debtor.
---------------------------------------------------------x

## **ORDER AUTHORIZING RETENTION OF DEBTOR'S COUNSEL**

Upon the application of the above-captioned debtor ("Debtor"), requesting authorization to retain Backenroth Frankel & Krinsky, LLP, to represent the Debtor herein, and upon the Affidavit of Disinterest by Mark Frankel, Esq., and it appearing that Backenroth Frankel & Krinsky, LLP represents no interest adverse to the Debtor or its creditors herein, and that its employment is necessary and in the best interests of the estate, and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that the Debtor be, and it hereby is, authorized to employ Backenroth Frankel & Krinsky, LLP, as its counsel as of the filing this Chapter 11 case with the amount of compensation paid by the Debtor to be determined upon appropriate application to the Court pursuant to Sections 330 and 331 of the Bankruptcy Code, any applicable Standing Orders of the United States Bankruptcy Court for the Southern District of New York, and the Guidelines of the Office of the United States Trustee.

Dated:  New York, New York
         November    , 2010


_____
UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION


_____
U.S. Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

BXP1 LLC                                           Case No.  10-15608

                                      Debtor.
---------------------------------------------------------x

## APPLICATION TO RETAIN DEBTOR'S COUNSEL

BXP 1, LLC, the debtor and debtor-in-possession herein (the "Debtor"), as for its application to retain Backenroth Frankel & Krinsky, LLP as counsel to the Debtor, respectfully represents as follows:

1. On October 27, 2010 (the "Filing Date"), the Debtor filed a voluntary Chapter 11 petition.

2. By this application, the Debtor seeks to employ Backenroth Frankel & Krinsky, LLP ("BFK"), which maintains an office for the practice of law at 489 Fifth Avenue, New York, New York 10017, as its counsel in this case.

3. The Debtor has selected BFK for the reason that the members of BFK have considerable expertise in the fields of debtors' and creditors' rights, debt restructuring and corporate reorganizations, and commercial litigation, among others. In addition, in connection with its engagement by the Debtor, BFK has become familiar with the Debtor's affairs.

Accordingly, the Debtor believes that BFK is well qualified to represent the Debtor in these proceedings.

4. The professional services BFK will be required to render include, but are not limited to the following:

(a) providing the Debtor with legal counsel with respect to its powers and duties as a debtor-in possession in the continued operation of its business and management of its property during the Chapter 11 case;

(b) preparing on behalf of the Debtor all necessary applications, answers, orders, reports, and other legal documents which may be required in connection with the Chapter 11 case;

(c) providing the Debtor with legal services with respect to formulating and negotiating a plan of reorganization with creditors; and

(d) performing such other legal services for the Debtor as may be required during the course of the Chapter 11 case, including but not limited to, the institution of actions against third parties, objections to claims, and the defense of actions which may be brought by third parties against the Debtor.

5. To the best of the Debtor's knowledge, BFK and its respective attorneys have no connection with, and no interests adverse to, the Debtor, its creditors, other parties in interest, or their respective attorneys or accountants.

6. The Debtor believes that the retention of BFK is in the best interest of the Debtor's estate.

7. No receiver, trustee or examiner has been appointed herein nor have any official committees been appointed in this case.

8. No prior application has been made for the relief requested herein.

WHEREFORE, the Debtor respectfully requests that this Court enter the prefixed order and grant such other and further relief as it deems just and proper.

Dated: New York, New York
      October 27, 2010

                                                **BXP 1 LLC, by DDF BRONX PORTFOLIO, LLC**

                                          By:    <u>s/Susumu Endo, as Managing Member</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

BXP1 LLC                                    Case No.  10-15608

                            Debtor.
---------------------------------------------------------x
STATE OF NEW YORK     )
                                   )ss.:
COUNTY OF NEW YORK   )

        Mark A. Frankel, being duly sworn, deposes and says:

        1.       I am a member of the firm of Backenroth Frankel & Krinsky, LLP ("BFK"), which maintains an office for the practice of law at 489 Fifth Avenue, New York, New York  10017.  I am fully familiar with the facts hereinafter stated, and make this affidavit in support of the application to retain BFK as counsel to the above-captioned debtor (the "Debtor"), herein.

        2.       I am duly admitted to practice before this Court, and will assume primary responsibility for this matter.

        3.       Insofar as I have been able to ascertain, the members and associates of BFK and are disinterested parties within the meaning of § 101(14) of the Bankruptcy Code and have no interest adverse to the Debtor's estate, its respective creditors, the Office of the United States Trustee, or any other party in interest herein, or their respective attorneys and accountants.

4. BFK's hourly rates are as follows: paralegal time: $125, Scott A. Krinsky: $425, Mark A. Frankel: $485, Abraham J. Backenroth: $550.  If BFK determines to raise its hourly rates, then BFK will notify the Court and the United States Trustee of such raise in writing.  BFK also demands reimbursement for out of pocket expenses such as out of pocket travel expenses in the amount incurred, filing fees in the amount incurred, Westlaw computerized legal research in the amount incurred, photocopies at $.20 per page, and faxes at $1.00 per page.  BFK entered into an engagement letter with the Debtor, a copy of which is annexed hereto.  BFK was paid a $10,000 retainer by the Debtor in July 2010.  BFK incurred fees totaling $8,169 prior to the filing the Debtor's case, leaving a $1,831 as retainer for this case.  To the extent of the outstanding amount of the retainer, BFK agrees to apply any interim and final fee awards herein against such retainer as such awards are made, before seeking additional funds from the Debtor to cover such awards.

5. No agreement or understanding exists between BFK and any person for a division of compensation or reimbursement received or to be received herein or in connection with the within cases.

6. I have read and am fully familiar with the Bankruptcy Code, Bankruptcy Rules and Local Rules, and I am sufficiently competent to handle whatever might be reasonably expected of the Debtor's counsel in this matter.

 s/Mark Frankel

Sworn to before me
this 27th day of October, 2010

s/Scott Krinsky
Notary Public

BACKENROTH FRANKEL & KRINSKY, LLP
489 Fifth Avenue
New York, New York 10017
(212) 593-1100

Abraham J. Backenroth
Mark A. Frankel
Scott A. Krinsky

Telecopier No.
(212) 644-0544

July 15, 2010

BXP1 LLC
c/o Susumu Endo

Re: <u>Insolvency Issues</u>

Dear Mr. Endo:

      On behalf of Backenroth Frankel & Krinsky, LLP, we wish to thank BXP1 LLC for selecting our firm as counsel to assist you in connection with BXP1's insolvency issues .

      1. <u>Scope of Services Provided</u>. The services we have agreed to perform include: The services we perform include, among other things, consultations with you and your associates, legal research, preparation of documents and correspondence, appearances before courts, conferences with other counsel, accountants and others on your behalf, and discussions and negotiations with other parties.

      2. <u>Client Duties</u>. You agree to fully cooperate with Backenroth Frankel & Krinsky, LLP in the performance of our work, by, among other things, providing us with relevant information and, if necessary, making the necessary parties reasonably available for consultations, interviews and discovery.

      3. <u>Reasonable Fee Basis</u>. Our fees are determined by multiplying the number of hours spent working on the matter by our billing rates. My billing rate is presently $475.00 per hour. We may use other professionals within this firm with billing rates in the $125 to $550 range. Our billing rates will be adjusted from time to time, customarily once per calendar year. You have agreed to pay a $10,000 retainer towards fees to be incurred. In the event of a bankruptcy filing, we will apply any unused retainer towards a new retainer, the amount of which shall be determined at such time.

      4. <u>Costs Advanced</u>. In addition to fees for services, you will also be responsible for the costs we incur on its behalf. Such costs include photocopy charges (at the rate of .20 per page), computerized legal research, filing fees, and messenger fees.

1

5. <u>Billing Logistics</u>. We bill every month. Payment of each bill is demanded on a monthly basis.

6. <u>Staffing</u>. I intend to be the principal lawyer responsible for this engagement. To properly staff matters and to control costs, we will utilize the services of other attorneys and personnel employed by or associated with this firm when appropriate.

7. <u>No Promises</u>. Nothing in this agreement and nothing in our statements to you will be construed as a promise or guarantee about the outcome of this matter. We make no such promises or guarantees. Our comments about the outcome of this matter are expressions of opinion only.

8. <u>Insurance</u>. Our firm maintains malpractice insurance applicable to our representation in this case.

9. <u>Arbitration</u>. If a dispute should arise, we want to settle it quickly and fairly. We will try to do so through discussion. If we are not successful in doing so, then both parties agree to settle any dispute arising between us by prompt, confidential and binding arbitration under the auspices and pursuant to the rules of the American Arbitration Association. The prevailing party shall be entitled to reasonable attorneys fees and costs incurred therein.

We look forward to working with you.

Very Truly Yours,

*Mark Frankel*
Backenrtoth Frankel & Krinsky, LLP

Agreed to:

By:_____