UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                    Chapter 11

    BXP 1 LLC,                           Case No. 10-15608

                      Debtor.
-----------------------------------------------------------x

## DECLARATION IN SUPPORT OF PLAN CONFIRMATION

Steven Lin, under penalty of perjury, states as follows:

1. On October 27, 2010, the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code").

2. The Debtor owns six apartment buildings in the Bronx, New York: 1268 Stratford Ave., 1350 University Ave., 1585 East 172nd St., 1589-91 East 172nd St., 1636 University Ave., and 1640 University Ave. (collectively, the "Properties"). Although the Debtor has no current appraisals, the Debtor believes that it has equity in each of the Properties.

3. Each property appears to be encumbered by a mortgage in favor of the various affiliate lenders, as set forth below (collectively the "Lender") as well as statutory liens in favor of the City of New York in the amounts set forth below:

|  | NYC Liens | 1st Mortgage |
|---|---|---|
| 1268 Statford | $193,157.89 | $4,894,068.16 |
| 1350-52 University | $116,600.54 | $2,997,775.98 |
| 1585 East 172nd St. | $163,318.36 | $3,469,461.38 |
| 1589-91 East 172nd St | $195,438.74 | $4,458,268.44 |
| 1636-40 University | $452,972.53 | $3,955,638.39 |

| LENDER | PROPERTY |
|---|---|
| 1268 Stratford Debt LLC | 1268 Stratford Avenue |
| 1350 Universe Debt LLC | 1350-52 University Avenue |
| 1585 East 172nd Debt LLC | 1585 East 172nd Street |
| 1636-1640 Universe Debt LLC | 1636-1640 University Avenue |
| 1591 172nd Debt LLC | 1589-1591 172nd Street |

4.	Each property is subject to a foreclosure proceeding pending in the Supreme Court, Bronx County. A receiver was appointed for 1636-1640 University Avenue. With respect to the other Properties the Debtor and the Lender subsequently stipulated to the Debtor's retention of the receiver's proposed managing agent to manage all of the Debtor's Properties in lieu of the receiver taking possession. The Receiver appointed in connection with 1636-1640 University Avenue appointed the same managing agent as stipulated between Debtor and Lender and today manages all of the Properties.

5. The Debtor's general unsecured creditors have claims totaling approximately $151,686. Approximately $83,500 of that amount represents insider debt.

6. The Debtor's financial problems are primarily the result of mismanagement by the Debtor's former managing agent, together with the economic downturn which caused a number of tenants to default and/or vacate their apartments, high oil prices and tax increases.

7. Having made progress towards stabilizing its finances, the Debtor's goal in this Chapter 11 case was to restructure, refinance, reinstate the existing loans, or to liquidate the properties in a manner that will facilitate a fair and realistic return for all interested parties.

8. After attempting to restructure, refinance or reinstate the existing loans, the Debtor determined that a negotiated settlement with the Lender involving a liquidation of the Properties was the best option. Under the Plan, the Properties will be sold, subject to the outstanding mortgages to various entities controlled by certain of the Lender's insiders (the "Lender Affiliates") or their designees to which the Lender Affiliates may assign its purchase rights. Although the Lender's Affiliate have some commonality of ownership, the member of the Lender's Affiliate and Lender are not all the same parties. In connection therewith, the Lender agreed to adjust the amount due to the Lender to enable payment in full in cash plus interest to all creditors (except the Lender's Affiliates, which will assume the Mortgages) as well as a distribution to the Debtor's Equity Holder. Specifically, the Plan provides that there shall be a

carve out from the sale proceeds to pay creditors under the Plan. The Carve out amount is $554,472 to pay administration claims, priority claims, general unsecured claims and the Debtor's Equity Holder. The Lender has agreed further to advance such funds by depositing them in escrow with the undersigned's Debtor's counsel before the Confirmation Hearing.

9. The Debtor participated in extensive marketing particularly in the pre-petition period, and was unable to find a buyer at a purchase price sufficient to generate such a result. The Lender Affiliates are as follows:

| Lender Affiliate | Property |
| --- | --- |
| 1268 Stratford Holdings LLC | 1268 Stratford Avenue |
| 1350 Universe Holdings LLC | 1350-52 University Avenue |
| 1585 East 172nd Holdings LLC | 1585 East 172nd Street |
| 1640 Universe Holdings LLC | 1636-1640 University Ave |
| 1591 172nd Holdings LLC | 1589-1591 172nd Street |

10. In summary, the Plan is predicated upon a private sale of the Debtor's Properties under 11 U.S.C. §363(b) and (f) and 11 U.S.C.§1123(a)(5). The Lender Affiliates or their designee(s) shall assume the Lender's mortgages. The balance of the purchase price shall

be paid in cash on the Payment Date. Confirmation of the Plan will precede the actual transfer of the Properties. The purchase price per property is as follows:

| Property | Purchase Price |
|---|---|
| 1268 Statford | $5,191,879.56 |
| 1350-52 University | $3,205,176.52 |
| 1585 East 172nd St. | $3,728,569.84 |
| 1589-91 East 172nd St | $4,776,865.88 |
| 1636-40 University | $4,519,135.06 |

11. In the absence of the Lender's agreement, it is extremely unlikely that there would be a material distribution to Creditors or the Equity Holder, let alone payment in full in cash with interest to all creditors herein plus a substantial distribution to equity.

12. The Plan complies with the applicable provisions of the Bankruptcy Code, pursuant to section 1129(a)(1), such as compliance with the rules for classification of claims under section 1122 of the Code and the plan requirements under section 1123 of the Code.

13. The Debtor has complied with the applicable provisions of the Bankruptcy Code pursuant to section 1129(a)(2) such as compliance with the disclosure and solicitation requirements of section 1125 and 1126 of the Code.

14. The Plan has been proposed in good faith and not by any means forbidden by law pursuant to section 1129(a)(3) inasmuch as the plan is consistent with the general intent of the Code to permit the reorganization of companies by restructuring excessive debt.

15. Any payment made or promised by the Debtors or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, has been disclosed to the Bankruptcy Court, and any such payment made before the confirmation of the Plan is reasonable, or if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Bankruptcy Court as reasonable, pursuant to section 1129(a)(4).

16. The Debtor is managed by Susumu Endo, as managing member of DDF Bronx Portfolio LLC, the Debtor's managing member. Post-confirmation management of the Debtor will remain unchanged, but management of the Properties will be determined by the Purchaser of the Properties. Given payment in full to creditors under the Plan, the Debtor submits that the appointment to, or continuance in, such office of such individual, is consistent with the interests of Creditors and equity security holders and with public policy, pursuant to section 1129(a)(5).

17. The Plan does not propose a rate change for which governmental regulatory commission approval is required, pursuant to section 1129(a)(6).

18. The only impaired class set forth in the Plan is the Class 2 Mortgagee. Class 2 is deemed to have voted to accept the Plan. As a result of the sale no other class of claims is impaired because the Plan will result in payment in full in Cash with interest from the Petition Date for all Creditors except the Mortgagee. Accordingly, the requirement under section 1129(a)(7) of the Bankruptcy Code is deemed satisfied, i.e., with respect to each class of impaired Claims, either each holder of a Claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such Claim or interest property of a value, as of the Effective Date of the Plan, in an amount that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated on such date under Chapter 7 of the Bankruptcy Code.

19. Class 2 voted to accept the Plan. Thus the requirement of section 1129(a)(8) is also deemed satisfied, i.e., that each class has accepted the Plan, or is not impaired under the Plan.

20. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that priority and administration claims will be paid in full on the Effective Date, or as soon thereafter as the Allowed Amounts of such Claims are determined, thereby satisfying thereby satisfying section 1129(a)(9) of the Code.

21. The only impaired class set forth in the Plan was Class 2. Class 2 voted to accept the Plan. Thus, the Debtor has satisfied the requirement of section 1129(a)(10) of the Code, that at least one class of impaired Claims accept the Plan does not apply.

22. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor or any successors to the Debtor under the Plan pursuant to section 1129(a)(11), since the Debtor intends to liquidate the sale proceeds under the Plan.

23. All fees payable under section 1930 of title 28, as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan pursuant to section 1129(a)(12).

24. The Debtors do not have retirement benefits obligations, and, therefore, section 1129(a)(13) relating to retirement benefits does not apply to this case.

25. Based upon the foregoing, the Debtor respectfully requests that the Court confirm the Plan.

s/ Steve Lin